928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne Dillard CARVER, Plaintiff-Appellant,
v.
Jeff REYNOLDS, Defendant-Appellee.
 No. 90-6474.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 M.D. Tenn., No. 90-00091; Higgins, J.
 M.D.Tenn.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff, Wayne Dillard Carver, appeals the district court's summary judgment in favor of the defendant in this prisoner's civil rights case filed pursuant to 42 U.S.C. Sec. 1983. Additionally, he requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carver sued the Commissioner of the Tennessee Department of Corrections (TDOC), seeking injunctive relief. His complaint alleged that he has been denied his first amendment right to practice his religion by the defendant's food policies. Carver asserts that in accordance with his religious belief he cannot eat pork items. Carver does not identify his religious faith by name. He asserts, however, that he is being fed less food for 19 of the 126 meals under TDOC's alternate entree program. These 19 meals are breakfast meals. Essentially, he claims that he is being fed less food than other prisoners at 19 breakfast meals.
 
 
 3
 The defendant filed a motion for summary judgment and Carver filed a response. After finding that Carver's first amendment right to practice his religion had not been violated by the defendant, a magistrate recommended that the defendant's motion be granted. The magistrate concluded that the defendant presented sufficient evidence establishing that the alternative breakfast foods were nutritious. The magistrate further concluded that the nutritional level of TDOC's menu, when viewed as a whole, did not appear to rise to the level of a constitutional violation. Despite Carver's timely objections, the district court adopted the magistrate's recommendation. This appeal followed.
 
 
 4
 Upon review, we find no error. There is no dispute of fact and the defendant is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.